**METRO, SOUTHWEST OHIO REGIONAL TRANSIT AUTHORITY, Appellant and Cross–Appellee,**

v.

**CAPOZZOLO et al., Appellees and Cross–Appellants.**

[Cite as *Metro, Southwest Ohio Regional Transit Auth. v. Capozzolo,* 154 Ohio App.3d 156, 2003-Ohio-4696.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–020823 and C–020836.

Decided Sept. 5, 2003.

Frost Brown Todd LLC, Scott D. Phillips and Matthew C. Blickensderfer, for appellant and cross-appellee.

Barrett & Weber, C. Francis Barrett and M. Michele Fleming, for appellees and cross-appellants.

MARK P. PAINTER, Judge.

{¶ 1} Plaintiff-appellant Metro, Southwest Ohio Regional Transit Authority ("SORTA"), appeals from the trial court's judgment awarding attorney fees, costs, and interest to defendants-appellees Josephine Capozzolo, Capozzolo Printers, Inc., and Samuel Capozzolo. The Capozzolos have filed a cross-appeal. We affirm the judgment, subject to the modifications set forth in this decision. We cite absolutely no case law—because there is none to cite. As far as we can

determine, the parties have gotten themselves into a situation never before ruled upon in a reported opinion.

{¶ 2} This case involves SORTA's unsuccessful attempt to acquire property in the Northside section of Cincinnati, owned by the Capozzolos, for a new transit facility. In February 2000, SORTA sent the Capozzolos a statement of its intent to acquire the Capozzolos' property. In November 2000, SORTA petitioned to appropriate the property. In March 2001, the trial court dismissed SORTA's petition, ruling, among other things, that SORTA had failed to negotiate for the property with the Capozzolos and that appropriation was not necessary. On appeal, in December 2001, this court affirmed the judgment for the Capozzolos but limited the decision to the holding that SORTA had failed to properly negotiate for the property before filing its petition for appropriation.

{¶ 3} After winning the appeal, the Capozzolos moved for an award of costs and attorney fees against SORTA. In November 2002, the trial court granted the request in part and denied it in part. The trial court awarded costs and fees beginning from November 2000, when SORTA filed its appropriation petition. The court then ordered the payment of interest beginning from December 2001, the date of this court's affirmance of the trial court's denial of the appropriation petition.

{¶ 4} We affirm the award of costs and fees and of interest but hold that each should be calculated for a different time period than the trial court determined. We hold that the award of costs and attorney fees should begin from February 2000, the date that the Capozzolos were first required to retain counsel to respond to SORTA's attempt to acquire their property, and should include all costs and fees incurred until October 2002. We also hold that interest should begin to accumulate only from November 2002, the date that the trial court first awarded costs and attorney fees.

## I.   Costs and Fees Properly Awarded

{¶ 5} After some uncertainty, the parties at least seem to agree that the applicable statute for this case is R.C. 163.62(A). It states: "The court having jurisdiction of a proceeding instituted by a state agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceeding, if either: (1) The final judgment is that the agency cannot acquire the real property by condemnation; or (2) The proceeding is abandoned by the state agency." But the parties disagree on what the statute means. As usual with the Revised Code, it is poorly drafted.

{¶ 6} Under the statute, the trial court's award of costs and attorney fees was proper provided that there was a final judgment that SORTA could not appropriate the property. SORTA argues that there has not been a final judgment that it cannot appropriate the property.

{¶ 7} SORTA concedes that had this court simply affirmed the trial court's original March 2001 entry, which held that appropriation was unnecessary, there would have been a final judgment preventing appropriation. But it contends that this court's limited affirmance of the trial court's entry—holding that SORTA's petition failed only due to a lack of negotiation—means that SORTA is still able to pursue appropriation. Therefore, SORTA reasons, there has not been a final judgment that it cannot appropriate the Capozzolos' property.

{¶ 8} The Capozzolos argue that SORTA interprets the statute too narrowly. We agree. According to SORTA, because the prior judgment does not prevent SORTA from someday acquiring the property through appropriation, there has not been a final judgment and the fee-awarding statute has not been triggered. But under this reasoning, as long as SORTA continues to try to appropriate the property, no matter how many failed attempts occur, it has no liability for the property owner's expenses for successfully defending against the appropriation actions. SORTA's reasoning provides it with unlimited "do overs" without liability, merely because it could, in theory, try again.

{¶ 9} That is not a reasonable interpretation of the statute. We note that the statute refers to a singular proceeding, stating that a court ruling on "a proceeding" may award costs and fees if there is a final judgment. We conclude that the "final judgment" in the statute pertains to one particular appropriation proceeding, not all potential appropriation proceedings as a whole. To hold otherwise would potentially negate the statute, because after losing a case based on anything other than a determination that the property could never be appropriated, the state agency could merely claim that it planned to attempt appropriation again and could always avoid a "final judgment." We hold that once a particular appropriation proceeding has reached a final judgment, the fee-awarding statute is triggered, and the trial court may award costs and attorney fees to the property owner.

{¶ 10} SORTA's appropriation petition was dismissed by the trial court, and the dismissal was upheld by this court. The trial court's dismissal and our affirmance of the dismissal were both final judgments. Therefore, under the statute, the trial court was entitled to award costs and fees to the Capozzolos.

{¶ 11} Accordingly, we overrule SORTA's first assignment of error and affirm that part of the trial court's judgment that held that the Capozzolos were entitled to an award of costs and attorney fees.

## II. Amount of Costs and Attorney Fees

{¶ 12} Our next task is to determine the amount of costs and fees to be awarded to the Capozzolos. The statute allows a court to award the fees and costs "actually incurred because of the condemnation proceeding."[1] The trial court awarded the Capozzolos their costs and fees incurred from November 14, 2000, when SORTA filed its petition to appropriate the property, until October 31, 2002.

{¶ 13} SORTA argues that the Capozzolos did not incur any fees or costs after December 2001, when we affirmed the trial court's dismissal of SORTA's appropriation petition. It argues that at that point the proceeding was over and costs could no longer be incurred "because of" the proceeding.

{¶ 14} But it was only at that point that the Capozzolos were even able to move for an award of costs and fees. The fee-awarding statute was not triggered until there was a final judgment that SORTA could not acquire the property through appropriation. Once this court affirmed the dismissal of SORTA's appropriation petition, the Capozzolos properly moved for an award of costs and fees. The Capozzolos' costs and fees from December 2001 until October 2002 were incurred "because of" the appropriation proceeding, because they were incurred as a direct result of their successful defense against the appropriation.

{¶ 15} Therefore, we overrule SORTA's second assignment of error and hold that the trial court properly awarded costs and fees for the time period from December 2001 until October 2002.

{¶ 16} In their cross-appeal, the Capozzolos argue in their second assignment of error that they should be awarded their costs and fees incurred from February 2000 until November 2000. Though SORTA did not file its appropriation petition until November 2000, the Capozzolos argue that their expenses due to the appropriation began in February 2000 when they first retained counsel as a result of receiving from SORTA a statement of its intent to take the property.

{¶ 17} SORTA argues that no costs or fees could have been incurred "because of" the appropriation proceeding before it even existed. But as our December 2001 decision made clear, prefiling negotiations are a necessary part of an appropriation proceeding. In that decision, we upheld the dismissal of SORTA's appropriation petition specifically because it did not negotiate prior to filing the petition. We held that the negotiations were a mandatory part of the proceeding.

{¶ 18} As soon as SORTA made it known to the Capozzolos that it intended to take the property, in February 2000, the Capozzolos retained counsel to protect

---

1. R.C. 163.62.

their interests. Therefore, the Capozzolos' costs and fees due to the appropriation proceeding began in February 2000.

{¶ 19} Furthermore, as a remedial law, R.C. 163.62 is to be "liberally construed in order to promote [its] object and assist the parties in obtaining justice."[2] A liberal construction of R.C. 163.62 dictates that property owners involved in a successful defense against an appropriation should be allowed to recover their expenses incurred from the very beginning of the appropriation proceeding, including those costs and fees related to pre-filing requirements.

{¶ 20} Therefore, we sustain the Capozzolos' second assignment of error, and hold that the award of costs and attorney fees should include the time period from February 2000 through November 2000. Thus, in its entirety, the award of costs and fees covers the time period between February 2000 and October 2002.

### III.  Interest

{¶ 21} The final issue involves the award of interest to the Capozzolos. The trial court awarded the Capozzolos interest on the award of costs and fees from December 2001, the date of our decision affirming the dismissal of the appropriation petition. In its entry, the trial court said that it was awarding the interest under R.C. 1343.03(A), which states: "[W]hen money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *."

{¶ 22} In its third assignment of error, SORTA argues that because interest on an award of costs and fees cannot accrue until the award itself is made, the Capozzolos are not entitled to any interest prior to the November 2002 entry awarding the costs and fees. It is clear that no money was "due and payable" as required by the statute until the November 2002 entry that awarded costs and fees to the Capozzolos. The December 2001 decision of this court merely involved a ruling on the issue of appropriation. Though the Capozzolos prevailed, that decision did not award them any money. It was not until the trial court's order in November 2002 awarding costs and fees that the Capozzolos received a monetary judgment. Therefore, we agree with SORTA that any interest on the award of costs and fees should not have begun to accrue until the date that the costs and fees were awarded, in November 2002. If interest were awarded from the very beginning, SORTA would be charged interest on some attorney fees that had not yet been incurred—thus they could not be "due and payable."

---

2.  R.C. 1.11.

{¶ 23} Accordingly, we sustain SORTA's third assignment of error and hold that the interest awarded to the Capozzolos should accrue from November 2002. Because of our holding on this issue, the Capozzolos' first assignment of error in their cross-appeal, arguing that the interest should accrue from an even earlier time than that determined by the trial court, is obviously overruled.

{¶ 24} In conclusion, we hold that the Capozzolos were properly awarded costs and attorney fees for their successful defense against SORTA's appropriation petition. The trial court's judgment is affirmed with the following modifications. The amount of the costs and fees is to be calculated for the time period between February 2000 and October 2002. In addition, interest is to be awarded from November 2002. We remand this case to the trial court for a recalculation of the amount due.

Judgment affirmed as modified
and cause remanded.

DOAN, P.J., and HILDEBRANDT, J., concur.